IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORY MARSHALL,<br><br>               Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>               Defendant. | **8:23CV129**<br><br>**ORDER** |

This matter is before the Court on Plaintiff's motion for attorney fees, Filing No. 26, and the stipulation by the parties as to the amount of fees that this Court should award to the plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The parties agree that such fees and expenses shall be awarded in the amount of $8,000.00. The Court found in favor of the plaintiff on the merits. Filing No. 22.

*a. Motion for Attorney Fees under EAJA*

The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)–(2)(B)). "The fees awarded must be reasonable." § 2412(d)(2)(A)(ii). A reasonable fee under § 2412 will not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(2)(A). Substantial justification occurs when the Commissioner's position has a clearly

1

reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that their position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not argue their position was substantially justified and does not object to Plaintiff's EAJA motion.

However, the EAJA requires that this Court first determine that the claimant is a prevailing party. Clearly that is the case before the Court. Filing No. 22. Second, the Court is required to determine that the individual's net worth did not exceed $2,000,000 at the time the civil action was filed. There is no such evidence upon which the Court can make this finding. Third, the Court is required to ascertain that the fees and expenses were incurred by the party in the action in which it prevailed. There is no evidence regarding the number of hours claimed by Plaintiff's counsel, nor the reasonableness of the fee requested. Accordingly, the Court must deny the motion and stipulation at this time, subject to reassertion with the appropriate documentation. The Court will give the parties 30 days from the date of this Memorandum and Order to comply.

THEREFORE, IT IS ORDERED THAT Plaintiff's motion for attorney fees and the stipulation in support attached therein, Filing No. 26, is denied at this time and is subject to reassertion as stated herein.

Dated this 16th day of February, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge