IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORY MARSHALL,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | **8:23CV129**<br><br>**MEMORANDUM & ORDER** |

  This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $8,000.00, Filing No. 30, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The defendant does not object to Plaintiff's request for fees. The Court issued an order dated February 16, 2024, Filing No. 28, denying the motion/stipulation at Filing No. 26, because there were several items missing that the Court wanted to see before making a decision regarding the legal fees sought. This motion, Filing No. 30, contains the information the Court wanted to review as per the February 16, 2024, Order.[1]

  The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)-(2)(B)). The fees awarded must be reasonable. A reasonable fee under 28 U.S.C. § 2412 does not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified

---

[1] The Court appreciates counsel providing the Court with this information.

attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(D)(2)(A)(ii).

Furthermore, for a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. The Commissioner bears the burden of proving that her position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). This Court previously determined the Commissioner's position was not substantially justified in this instance. Filing No. 22.

The Court finds that the Plaintiff is entitled to attorney fees under the EAJA. The Plaintiff is the prevailing party. Additionally, the Plaintiff's net worth did not exceed $2,000,000 at the time the civil action was filed. Filing No. 30-1 at 7. Plaintiff requests attorney's fees totaling $8,000.00. Counsel shows that the hourly rate for 2022 is $236.25 ($125 x 1.89); as of May 2023, is $240 ($125 x 1.92); and as of December 2023, is $243.75 ($125 x 1.95). Filing No. 30 at 4. Plaintiff bases this request on the fact that the cost of living has increased substantially since 1996. An increase for the cost of living is generally allowed. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). The Court finds the increase in cost of living justifies a fee higher than $125 an hour and that the rates requested by the plaintiff are reasonable. The total fee originally sought was $16,382.63. However, the parties reduced, and agreed upon, the amount of $8,000.00. The Court has carefully reviewed the hours submitted and finds them to be reasonable in all respects. Thus, the Court concludes that both the amount requested, and the hours expended are reasonable.

It is further noted that the Court recently entered a text order permitting Plaintiff an extension of time, Filing No. 29, to file their 42 U.S.C. § 406(b) motion for attorney fees. The Court granted this motion to extend, Fling No. 32, for 90 days as outlined in Filing No. 29. The Court will await this motion.

**THEREFORE, IT IS ORDERED THAT THE:**

1. Plaintiff's motion for attorney fees, Filing No. 30, is granted.

2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $8,000.00 are to be paid directly to Plaintiff's attorney and delivered to Attorney Kira Treyvus at the address listed on the docket; less any offset to satisfy a pre-existing debt to the United States.

3. A separate judgment shall be entered in conjunction with this Memorandum and Order.

Dated this 20th day of August, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge