IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORY MARSHALL,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>    Defendant. | 8:23CV129<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b). Filing No. 37. Plaintiff requests attorney fees under 42 U.S.C. § 406(b) in the amount of $11,467.00, reduced by $8,000.00, for a net total of $3,467.00. The Commissioner of Social Security ("Commissioner") does not support nor object to awarding attorney fees under § 406(b). Filing No. 40. All that remains is for this Court to independently determine if Plaintiff is entitled to attorney fees under this statute, and if the award is reasonable.

## BACKGROUND

Plaintiff filed an application for Social Security Disability and Social Security income and benefits alleging that he is disabled. The Administrative Law Judge ("ALJ") denied plaintiff's application, and the Appeals Council denied Plaintiff's appeal of the ALJ decision. Filing No. 1. Plaintiff appealed the denial to this Court. The Commissioner's decision was reversed and remanded by this Court with direction to the Commissioner to award benefits to the plaintiff. Filing No. 22 and Filing No. 23. Plaintiff received a notice letter explaining that $13,467.00 would be withheld until the Court sets the fee payable to counsel. Filing No. 37-2.

1

Plaintiff entered a fee agreement with his attorney, Kira Tryvus of Konoski & Partners, P. C., for a specified contingency fee of 25% of back benefits to be awarded upon a successful outcome. Filing No. 37-2. This Court, thereafter, awarded attorney fees under the Equal Access to Justice Act in the amount of $8,000.00, an amount agreed upon by the parties. Filing No. 33. Plaintiff's counsel requests payment of $3,467.00 in attorney's fees under 42 U.S.C. § 406(b).

## LAW

The Social Security Act authorizes a federal district court to award attorney's fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotations omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingency-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. A contingency fee agreement that provides for fees exceeding twenty-five percent of past-due benefits is unenforceable. *Id.* If the contingency fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Id.*

2

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. *Id.* Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. *Id.* at 807–08.

A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

## DISCUSSION

Plaintiff's counsel seeks $3,467.00 under 42 U.S.C. § 406(b). The Court independently reviewed the fee agreement. Based on the favorable outcome of the Plaintiff and the character of the representation, the Court finds that the fee of $3,467.00 requested by counsel under § 406(b) is reasonable.

3

As required by statutory duty, the Court considers the existing contingency fee agreement. *Gisbrecht*, 535 U.S. at 807; Filing No. 37-2. The contingency fee agreement does not request fees exceeding 25% of Plaintiff's recovered benefits. The signed agreement requests an amount equal to the contingency fee boundary and is reasonable.

Next, the Court considers whether the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807. Upon agreement of the parties, Plaintiff's counsel was awarded $8,000 under the EAJA. The $3,467.00 in fees sought by Plaintiff's counsel under § 406(b) bring Plaintiff's counsel's fees awarded to a net total of $11,467.00, which is less than the agreed maximum contingent fee of 25%. Additionally, the attorneys have spent reasonable time on Plaintiff's case.

The Court also considers the hourly rate, and the number of hours worked, to avoid inappropriate compensation in relation to hours worked. Here, the attorneys logged close to 70 hours working on this case and include an itemized account of those hours worked. Filing No. 37-2. The total fees incurred come to $16,382.63. *Id.* Based on the voluntary request of less than 25% of awarded back benefits, and the substantiated hours of work provided by counsel, the Court believes that the requested fees of $3,467.00 is reasonable.

Lastly, the previous delay in counsel's request for extension to file Plaintiff's motion for legal fees under § 406(b) does not merit downward adjustment for delay or ineffective assistance. Thus, the Court finds the request reasonable and grants Plaintiff's motion for attorney fees under § 406(b).

**THEREFORE, IT IS ORDERED THAT**:

1. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 37, is granted.

2. Plaintiff's counsel is awarded an attorney's fee of $3,467.00 under 42 U.S.C. § 406(b).

3. The Social Security Administration is ordered to issue payment to Plaintiff's counsel in the amount of $3,467.00, in accordance with agency policy.

4. A judgment in accordance with this Memorandum and Order will issue on this date.

Dated this 24th day of July, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge